IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL JAMES EVANS,                     Case No. 3:11-cv-00272-ST

       Plaintiff,                            ORDER

   v.

JAMES DEACON, et al.,

       Defendants.

MOSMAN, District Judge.

    This prisoner civil rights action comes before the court on plaintiff's *pro se* Motion for Temporary Restraining Order and Preliminary Injunction (docket #216). Plaintiff claims that as a result of his filing this case and holding prison staff and other inmates accountable for misconduct, prison personnel recently subjected him to various forms of retaliation. The instances of retaliation plaintiff sets out include falsified disciplinary reports, deprivation of personal property, the refusal of prison personnel to honor his religious rituals, indefinite placement in the Disciplinary Segregation Unit without valid charges, and

1 - ORDER

physical endangerment. He asks the court to enjoin the personnel at his prison from any further violation of his civil rights.

As an initial matter, pursuant to Fed. R. Civ. 65(a), "[n]o preliminary injunction shall be issued without notice to the adverse party." Similarly, Fed. R. Civ. P. 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party absent a showing of "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Plaintiff's Motion for Preliminary Injunction does not include a certificate of service. Instead, he asserts that he fears serving a copy of his Motion on the State might result in additional retaliatory measures against him. This fear of continuing reprisals does not absolve plaintiff of his responsibility to notify the State of his Motion.

But even assuming plaintiff's fear of continuing retaliation is sufficient to exempt him from the service requirements for motions generally, and the notification requirement for preliminary injunctions specifically, preliminary injunctive relief is nevertheless not appropriate. A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006).

2 - ORDER

A plaintiff seeking a preliminary injunction must demonstrate at least some likelihood that he will succeed on the merits of his claims. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).

Plaintiff's constitutional and statutory claims arising from the retaliation he allegedly suffered at the end of 2013 through March of 2014 are new claims that are not at issue in the Third Amended Complaint. Because plaintiff cannot possibly prevail on claims that are not at issue before the court, he is not entitled to preliminary injunctive relief as to those unpled claims.

## CONCLUSION

Plaintiff's *pro se* Motion for Temporary Restraining Order and Preliminary Injunction (docket #216) is denied.

IT IS SO ORDERED.

DATED this 8th day of April, 2014.

_____
Michael W. Mosman
United States District Judge

3 - ORDER