IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL JAMES EVANS,

    Plaintiff,

v.

JAMES DEACON and JOSE OLVERA,

    Defendants.

Case No. 3:11-cv-00272-JR

ORDER

RUSSO, Magistrate Judge:

Plaintiff Michael James Evans, a state inmate, brings this action alleging various constitutional violations by Oregon Department of Corrections ("ODOC") staff. On May 20, 2013, parties consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). Defendants move to strike plaintiff's fifth claim from his proposed Fourth Amended Complaint. In response, plaintiff moves for extensions of time and to file a corrected Fourth Amended Complaint. For the reasons discussed below, the parties' motions are denied.

ORDER – Page 1

**DISCUSSION**

The history of this matter is well known to all parties, such that it will only be repeated to the extent necessary to provide context for the present motions.

In June 2012, plaintiff filed his Third Amended Complaint, asserting four claims against ODOC officials. See generally Third Am. Compl. (doc. 75). Thereafter, the parties engaged in extensive briefing on motions to dismiss and cross-motions for summary judgment. In January 2015, this Court issued an Opinion and Order ("O & O") dismissing the first, second, and third claims, and granting summary judgment in favor of plaintiff as to liability on the fourth claim pertaining to defendant James Deacon. See generally Evans v. Deacon, 2015 WL 248412 (D. Or. Jan. 20, 2015).

The Court subsequently appointed plaintiff pro bono counsel to assist him with mediation, which was scheduled for May 2015. The mediation was successful, in that plaintiff's "Fourth Claim was settled, and valuable consideration was exchanged therefor." Defs.' Resp. to Mot. Am. 3 n.2 (doc. 307). The parties placed settlement terms on the record in October 2015. Id. at 3; see also Evans v. Deacon ("Evans II"), 2016 WL 591758, *1 n.1 (D. Or. Feb. 12, 2016).

Around the same time, plaintiff filed numerous motions to amend or supplement his Third Amended Complaint, or for reconsideration of this Court's prior rulings. Evans II, 2016 WL 591758, at *1-2. In February 2016, the Court issued an O & O denying plaintiff's motions and entered judgment dismissing this case. See generally id.; Judgment (Feb. 26, 2016) (doc. 268). Plaintiff timely appealed the January 2015 and February 2016 O & Os.

In May 2017, the Ninth Circuit affirmed the dismissal of plaintiff's first and second claims, and ruled that this Court did not abuse its discretion in denying reconsideration or leave to amend via the February 2016 O & O. Evans v. Deacon, 687 Fed. App'x 589, 592 (9th Cir.

2017). In other words, the Ninth Circuit reversed and remanded solely as to plaintiff's third claim pertaining to the events of December 2011. Id.

Immediately following the Ninth Circuit's decision, plaintiff moved to file an amended complaint, seeking to add two claims that this Court and the Ninth Circuit had previously considered and rejected. Accordingly, in October 2017, this Court denied plaintiff's motion pursuant to the law of the case doctrine and rule of mandate. See generally Order (Oct. 30, 2017) (doc. 296). Because plaintiff had recently obtained counsel, and because the two viable claims did not exist within a single pleading, the Court instructed plaintiff's attorney to file an amended complaint consisting exclusively of plaintiff's third claim against defendant Jose Olvera (relating to the December 2011 incident) and fourth claim against Deacon (which was subject to the binding settlement agreement). The Court explicitly warned plaintiff that it would "only accept for filing these two claims" and cautioned plaintiff against "attempting to interject previously rejected allegations." Id. at 6.

Plaintiff ignored the Court's orders and instead lodged an amended complaint that consisted not only of his third claim, but also his fifth claim, which was dismissed in prior proceedings. Defendants therefore moved to strike the proposed fifth claim. See generally Defs.' Mot. Dismiss (doc. 301). Plaintiff responded through counsel by filing two motions for extensions of time and two motions to amend, the latter of which abandoned the fifth claim but contained allegations relating to the fourth claim that did not appear in the Third Amended Complaint (namely, all or part of paragraphs 23, 26, and 27 in the Proposed Fourth Amended Complaint). Compare Third Am. Compl. ¶¶ 50-58 (doc. 75), with Proposed Fourth Am. Compl. ¶¶ 17-29 (doc. 306-1). After defendants opposed the proposed amendments to the fourth claim,

plaintiff withdrew his request for oral argument but did not otherwise file a timely reply. See generally Defs.' Resp. to Mot. Leave ([doc. 307](doc. 307)); Pl.'s Withdrawal ([doc. 308](doc. 308)).

As such, plaintiff's most recent motion to amend is denied for the reasons previously identified by this Court and affirmed by the Ninth Circuit.

## CONCLUSION

Defendants' Motion to Dismiss ([doc. 301](doc. 301)) is DENIED as moot in light of plaintiff's counsel's concession that his fifth claim was erroneously re-pleaded. Plaintiff's Motions for Extensions of Time ([docs. 302](docs. 302), [305](305)) and Motion to Amend/Correct ([doc. 304](doc. 304)) are likewise DENIED as moot.

Plaintiff's Motion for Leave ([doc. 306](doc. 306)) is DENIED for the reasons discussed herein. Plaintiff shall file an amended complaint consisting exclusively of his third claim against Olvera (relating to the December 2011 incident) and fourth claim against Deacon (which is subject to the binding settlement agreement) within fourteen days of the date of this Order. Failure to follow this Court's orders may result in sanctions, up to and including dismissal of this lawsuit with prejudice.

Finally, the parties are ordered to submit a proposed case schedule in regard to plaintiff's sole remaining active claim against Olvera within fourteen days of the date of the Order.

IT IS SO ORDERED.

DATED this 26th day of February 2018.

                                                      s/Jolie A. Russo
                                                     JOLIE A. RUSSO
                                                     United States Magistrate Judge