IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL JAMES EVANS,

    Plaintiff,

v.

JAMES DEACON and JOSE OLVERA,

    Defendants.

Civ. No. 3:11-cv-00272-MK

OPINION AND ORDER[1]

KASUBHAI, Judge:

Defendants filed a motion asking the Court to dismiss Plaintiff's fourth claim (against Defendant Deacon) and to strike his entire complaint with prejudice and enter judgment in favor of defendants as a sanction. The Court heard oral argument on this matter April 9, 2019. The Court ruled that day that it would not strike the entire complaint as a sanction and that Plaintiff's Third Claim for Relief (Against Defendant Olvera) remained a viable claim. The Court instructed the parties that Plaintiff's Third Claim would continue through the adjudicative process, along with two other cases filed by Plaintiff which have been stayed pending disposition of the present motion. *See Evans v. Myrick et al.*, Case No. 2:16-cv-00928; and *Evans v. Gower et al.*, Case No. 2:17-cv-00162. Parties were instructed to confer and to file a scheduling order after the Court ruled on this matter. For the reasons that follow, Plaintiff's Fourth Amended Complaint remains viable; the Third Claim for Relief survives, but Plaintiff's Fourth Claim (Against Defendant Deacon) is dismissed with prejudice.

---

[1] The parties consented to full authority of magistrate judge in accordance with Federal Rule of Civil Procedure 73(b). ECF No. 178.

PAGE 1—OPINION AND ORDER

## BACKGROUND FACTS

The history of this case has been recounted multiple times over the eight years since it was filed. The following summarizes facts and history pertinent to the present issue.

Plaintiff is an inmate in custody of the Oregon Department of Corrections ("ODOC"). Fourth Am. Compl. ¶ 1, ECF No. 310. Over the course of this litigation, Plaintiff has filed multiple complaints and numerous *pro bono* attorneys have been appointed for limited assistance, including aiding Plaintiff in filing complaints. *See e.g.*, ECF Nos. 47, 50, 54, 58, 212, 229, 273.

On December 7, 2011, Plaintiff filed a grievance against Defendant Olvera for denying access to a typewriter in the law library while he was in the custody of the Oregon Department of Corrections at Two Rivers Correctional Institution in Umatilla, Oregon. Fourth Am. Compl. ¶ 8, ECF No. 310. Plaintiff alleged that, in retaliation against the grievance, Defendant Olvera willfully, maliciously, or with indifference to Plaintiff's rights, filed a false disciplinary report against the Plaintiff. *Id.* at ¶¶ 10-16.

On January 31, 2012, a misconduct report involving an incident with another inmate was filed against the Plaintiff. *Id.* at ¶ 20. Plaintiff denied the charges and proceeded to disciplinary hearings. *Id.* at ¶¶ 20-22. According to Plaintiff, Hearing Officer Deacon denied him access to exculpatory witness and videotape evidence. *Id*. at ¶¶ 21-24. Plaintiff was found guilty of the charges against him and spent thirty days in disciplinary segregation before being transferred to the Snake River Correctional Institute's Administrative Segregation Unit ("ASU") for another 654 days. *Id.* at ¶¶ 23-26.

## PROCEDURAL HISTORY

In his Third Amended Complaint, Plaintiff alleged, *inter alia,* a retaliation claim against Defendant Olvera (Third Claim) and due process violations against Defendant Deacon for denying Plaintiff the ability to present evidence regarding an extortion charge at the disciplinary hearing in January, 2012 (Fourth Claim). Third Am. Compl., ECF No. 75; *and see* Op. and Order 19-22, 23-26, ECF No. 226. On January 20, 2015, this Court granted summary judgment in favor of Plaintiff as to liability on the due process claim against Defendant Deacon but granted summary judgement in favor of Defendant Olvera on Plaintiff's Third Claim. Op. and Order 31, ECF No. 226. Judge Stewart's opinion stated that although Plaintiff was entitled to summary judgment as to liability, he may well have suffered no harm as a result of the due process violation involving the extortion charge, given that he was also found guilty of other misconduct charges. *Id.* at 25. The Court noted that the appropriate remedy for the violation was not at issue during the summary judgment stage. *Id.* On February 23, 2015, Judge Stewart referred the parties to mediation to resolve the Fourth Claim, pursuant to Local Rule 16-4. Order, ECF No. 230.

On March 2, 2015, Plaintiff, acting *pro se*, filed a Motion for Reconsideration of Judge Stewart's order from January 20, 2015, which he titled "Motion to Alter or Amend Judgement [sic]." ECF No. 235. Plaintiff argued that the Court failed to appreciate that his Fourth Claim for Relief involved retaliation on the part of Defendant Deacon, and that Plaintiff should have been granted declaratory relief, and damages for time incurred at ASU as a result of Defendant Deacon's withholding of exculpatory evidence. *Id.* at 9-10. On March 5, 2015, Judge Stewart ordered a stay of Plaintiff's motion pending the completion of mediation. ECF No. 236.

Plaintiff next filed a Motion for Leave to File Fourth Amended Complaint. ECF No. 242. Plaintiff sought specifically to include a retaliation claim related to his stay in the ASU. *Id*. The

Court stayed this motion as well, again "pending completion of mediation." Order, ECF No. 243. Both Plaintiff's Motion for Reconsideration and Motion for Leave to File Fourth Amended Complaint contested Plaintiff's transfer from Snake River Correctional Institute to Snake River's ASU.

The parties attended their first mediation session on May 28, 2015. *See \*\*\*NON-PUBLIC\*\*\*Remark/Staff Notes;* Mediator report filed May 29, 2015. After that first session, the parties agreed to return to mediation to attempt to settle all claims, including those claims as yet unpled by Plaintiff, which Plaintiff alleged related to the extended stay in the ASU. *Id.*

Although Plaintiff agreed to return to mediation, on June 4, 2015 he filed a "Revised Motion for Reconsideration of Order on Motion to Dismiss and Order on [M]otion for [S]ummary [J]udgment [ECF No.] 226. ECF No. 246. The Court also stayed this motion, pending mediation. ECF No. 247.

On October 5, 2015, after a second mediation session, the parties placed a settlement on the record regarding Plaintiff's Fourth Claim for Relief; specifically, the mediator stated that:

> [t]he settlement finally resolves Mr. Evans' fourth claim for relief against Defendant Deacon (the claim involving a denial of the opportunity to present evidence at a disciplinary hearing, and subsequent detention in disciplinary segregation for approximately 30 days). The settlement does not affect Mr. Evans' other claims for relief—claims which Judge Stewart dismissed on summary judgement but on which which [sic] Mr. Evans has filed motions for reconsideration.

Docket entry October 5, 2015 *\*\*\*NON-PUBLIC\*\*\*Remarks/Staff Notes.* Two days later, the Court lifted the stays previously ordered. Order, ECF No. 248. The Court also denied Plaintiff's Motion for Leave to File Fourth Amended Complaint (Order, ECF No. 249), with leave to renew as Plaintiff failed to attach a proposed Fourth Amended Complaint to his motion. *Id.*

On November 2, 2015, Plaintiff filed a Motion for Leave to [F]ile Supplemental Complaint, attaching a proposed 48-page complaint. ECF No. 254. Plaintiff alleged that due process violations occurred in retaliation for his filing of Claims 2 and 3, and that Defendants held him in the ASU for 658 days without a hearing. *Id*. at 1. Plaintiff's attached proposed supplemental complaint begins with a Fifth Claim for Relief, Violation of First Amendment (Retaliation) claim, and includes Defendant Deacon. *Id.* at Ex. 1, 8. In all, Plaintiff includes multiple new defendants and eight new claims, identified as the Fifth through Twelfth Claims for Relief, in which only the fifth claim names Defendant Deacon. *See* Pl. Mot. Leave File Supp. Compl. Ex. 1, ECF No. 254.

Meanwhile, Judge Stewart took Plaintiff's Motion for Reconsideration/Motion to Alter or Amend Judgement [sic] and Revised Motion for Reconsideration (ECF Nos. 235 and 246) under advisement. Sched. Order, ECF No. 256.

While Plaintiff awaited ruling on those motions and on his Motion for Leave to File a Supplemental Complaint, he filed a Proposed First Amended Supplemental Complaint, although he failed to file a motion asking leave of the court to file the new document. ECF No. 258. Plaintiff named three additional defendants and two new claims, bringing the total number of claims up to fourteen from the four in Plaintiff's Third Amended Complaint and the total number of defendants up to 26 (excluding an unknown number of Doe defendants) from the six defendants named in Plaintiff's Third Amended Complaint. *See id*.

On February 12, 2016, the Court denied Plaintiff's two motions to reconsider, finding that Plaintiff had not presented any newly discovered evidence, nor had he pointed to an intervening change in the law. Order, ECF No. 263. The Court, finding no clear error, stood by its previous ruling and affirmed the Opinion and Order of January 20, 2015 (ECF No. 226). *Id.*

The Court notified Plaintiff of his right to appeal the order to the Ninth Circuit Court of Appeals after an entry of final judgment. Order 3, ECF No. 263.

In denying Plaintiff's Motion to File Supplemental Claims (ECF No. 254 (and discussing the subsequent improperly filed Proposed First Amended Complaint (ECF No. 258)), the Court held that many of the proposed new claims were time-barred, futile, or insufficiently related to the Third Amended Complaint. Order 4, ECF No. 263. The Court specifically held that the Fifth Claim for Relief (Retaliation) was subject to § 1983 and its two-year statute of limitations for personal injury claims under Oregon Revised Statute 12.110(1). *Id.* at 11. By filing the Motion to File a Fourth Amended Complaint April 27, 2015 (ECF No. 242), Plaintiff exceeded the two-year deadline for injuries that he alleged occurred in February, 2012. *Id.*

Further, the Court found that Plaintiff knew or should have known of other retaliation claims against the newly-named defendants when he first filed a retaliation claim in the Third Amended Complaint. *Id*. at 11-12. Moreover, the Court found that Plaintiff failed to satisfy the joinder requirements of Federal Rule of Civil Procedure 20. *Id*. at 12. The Court held that "[a]llowing Evans to join these new and unrelated claims against new and unrelated defendants would be futile since the court would thereafter dismiss them from this action," pursuant to Federal Rule of Civil Procedure 21 and its prohibition against misjoinder. *Id*. The Court held that Plaintiff's attempt to add the Fifth Claim for Relief impermissibly broadened the scope of this case and denied Plaintiff's request to amend the Fifth Claim for retaliation based on his transfer to Snake River Correctional Institution and his extended stay in the ASU. *Id.* at 13. The Court commented that,

> Evans is seeking to greatly expand the scope of this case to encompass every adverse disciplinary event while incarcerated, which is well beyond the permissible bounds of FRCP 15 after six years of litigation, including three prior amended complaints and the filing by Evans of a summary judgment motion.

*Id*. at 4.

The Court ultimately denied Plaintiff's Motion to Alter or Amend Judgment (ECF No. 235), Plaintiff's Revised Motion for Consideration (ECF No. 246), and Plaintiff's Motion to File Supplemental Claims (ECF No. 254) in their entirety. *Id*. at 23. The Court reaffirmed its prior rulings as set forth in the Opinion and Order dated January 20, 2015. *Id*. Finally, because the mediator reported that the parties had settled Plaintiff's only remaining claim, the Fourth Claim against Defendant Deacon), the Court ordered defendants to submit an appropriate form of Judgment within 14 days. *Id*.

On February 26, 2016, Judge Stewart signed a judgment memorializing that, 1) the Court had previously granted Plaintiff summary judgment as to liability on his Fourth Claim for Relief against Defendant Deacon; 2) in accordance with LR-16-4, the Court referred the case to mediation; 3) On June 4, 2015, Plaintiff submitted a Motion for Reconsideration of the Court's Opinion and Order from January 20, 2015; 4) Mediation on October 5, 2015 resulted in settlement of Plaintiff's Fourth Claim for Relief as to damages, costs, and fees, and the settlement was placed on the record in open court that day; 5) the parties did not reach settlement with regard to Plaintiff's then-pending Motion for Reconsideration; and 6) the Court issued its Opinion and Order (ECF No. 263) denying Plaintiff's Motion for Reconsideration and directed counsel for Defendants to submit a Proposed Form of Judgment accordingly. Judgment, ECF No. 268. The Court entered judgment in favor of Defendants on the First, Second, and Third Claims, and "in favor of the Plaintiff upon the Fourth Claim as to Defendant Deacon, and upon the damages, costs, and fees agreed upon between the parties on October 5, 2015."

On March 7, 2016, Plaintiff filed a Notice of Appeal to the Ninth Circuit, appealing Judge Stewart's February 26, 2016 judgment. ECF No. 270.

On May 26, 2016, Plaintiff again filed a Motion for Leave to File Supplemental Claim. ECF No. 274. On June 20, 2016, the Court denied that motion based on the Judgment terminating the case (ECF No. 268) and Plaintiff's pending appeal to the Ninth Circuit. ECF No. 275.

On May 10, 2017, the Ninth Circuit affirmed Plaintiff's case in part, and reversed and remanded in part. Mandate of USCA for the 9th Circuit, ECF No. 276. The Court reversed and remanded Plaintiff's Third Claim for Relief, Violation of First Amendment (Retaliation), against Defendant Olvera. *Id.* at 4-5. The Court upheld Judge Stewart's disposition of Plaintiff's Fourth Claim for Relief, finding that "[t]he district court did not abuse its discretion, when, just as the case was drawing to a close after years of litigation, it denied Evans's motion for leave to file a supplemental complaint that would have added eight claims and seventeen defendants to the case." *Id.* at 5. The Court noted that the decision to grant amendment is discretionary, and that the court may deny leave due to undue delay, bad faith or dilatory motive, or futility of amendment. *Id.* at 6 (internal citations and quotations omitted). Moreover, the Ninth Circuit found that the damages allegations Plaintiff sought to add to the claim would be futile in light of the Court's affirmance of the dismissal of the Fourth Claim. *Id.*

In summary, after the Ninth Circuit's review, Plaintiff's sole surviving claim was the Third Claim for Relief against Defendant Olvera, which was remanded to district court.

Plaintiff filed a Motion for Leave to File a Fifth Amended Complaint on May 11, 2017. ECF No. 278. Plaintiff's attached proposed Fifth Amended Complaint re-stated his Third Claim for Relief (against Defendant Olvera, which had been remanded by the Ninth Circuit Court). *Id.* at ¶¶ 9-19. Plaintiff also sought to 1) add a First Amendment retaliation claim which he stated related directly to his Fourth Claim (in Plaintiff's Third Amended Complaint); 2) to add two

defendants along with his continuing allegation of retaliation by Defendant Deacon; and 3) to correct errors in his Third Claim, which Plaintiff did not specify. *Id*. at ¶¶ 20-35.

Over the ensuing months, Plaintiff obtained counsel, and filed a Reply in support of his motion on August 17, 2017. ECF No. 294. Plaintiff acknowledged the Court's reasoning in denying him leave to file a Fourth Amended Complaint, and of the Ninth Circuit affirmance of the district court ruling on the Fourth Amended Complaint. *Id.* at 1-2. However, Plaintiff continued to allege that he suffered an ongoing wrong (658 days in the ASU), which only ended in December, 2013. *Id.* at 2. Thus, Plaintiff claimed that by filing a motion to amend his complaint in April, 2015, he was within the statute of limitations that would have run only in December, 2015, two years after the injury finally accrued. *Id.* Plaintiff also alleged that the claim is related to the previously alleged Fourth Claim for Relief in the Third Amended Complaint, not unrelated as previously ruled by Judge Stewart. *Id.* Lastly, because the violation occurred not only due to Defendant Deacon's actions, but was perpetrated by the allegedly wrongful reports of proposed Defendants Hodges and Boston, Plaintiff claimed he should be able to name them in the new complaint. *Id.* at 3.

The Court denied the motion for leave to file an amended complaint (ECF NO. 278) on October 30, 2017. Order, ECF No. 296. The Court cited the "law of the case" and the "rule of mandate" doctrines to support its ruling. *Id*. at 4. In considering whether to allow the new retaliation claim and additional defendants, the Court held that,

> [t]he scope of the remand is clear and this Court cannot vary from that mandate. Therefore, Evans cannot amend his third claim to reference the events of January 2012. Significantly, the portion of the claim that related to the events of January 2012 did not survive summary judgment nor was it reversed by the Ninth Circuit.

*Id*. at 5. Because the defendants Plaintiff wished to add were involved in essentially the same events described previously and occurring in January 2012, the claim was time-barred, as the

PAGE 9—OPINION AND ORDER

Court had previously ruled in its order denying Plaintiff leave to file the Fourth Amended Complaint (Order, ECF No. 263). *Id.* at 4-5. The Court ordered Plaintiff to file an amended complaint compliant with the Court's previous rulings. *Id.* at 6.

Plaintiff filed an Amended Complaint December 4, 2017 (ECF No. 300) which Defendants moved to dismiss on December 21, 2017 (ECF No. 301). After a series of motions to amend and extend time frames for responses (*See* ECF Nos. 302-309), on March 11, 2018 Plaintiff filed a revised fourth Amended Complaint (ECF No. 310), which included "Plaintiff's Fourth Claim for Relief (Due Process) (Against Defendant Deacon)." ECF No. 310. The Fourth Claim for Relief contained allegations against Defendant Deacon that were substantively the same as those Plaintiff previously alleged against Defendant Deacon, which were dismissed twice by this Court, (ECF Nos. 263, 296) and by the Ninth Circuit Court of Appeals (ECF No. 276-1). Plaintiff's revised Fourth Amended Complaint, Fourth Claim for Relief, contains allegations only against Defendant Deacon, and does not include a retaliation claim. Am. Compl. ¶¶ 17-29. Plaintiff does complain of damages related to the ASU stay. *Id.* at ¶¶ 23-29.

Defendants filed an Answer on March 29, 2018. ECF No. 312. In their Answer, Defendants allege multiple affirmative defenses, including Accord and Satisfaction as to the Fourth Claim against Defendant Deacon. *Id.* at ¶ 17.

On November 8, 2018, Defendants filed a motion to dismiss Plaintiff's Fourth Claim against Defendant Deacon. ECF No. 338. They also moved to strike Plaintiff's entire complaint with prejudice, including the surviving Third Claim for Relief against Defendant Olvera, as a sanction for Plaintiff's repeated attempt to file the Fourth Claim against Defendant Deacon. *Id.* at 2.

# STANDARDS OF REVIEW

## Law of the Case and the Rule of Mandate

As noted in Judge Russo's Order in this case on October 30, 2017, the law of the case doctrine generally precludes a court from reconsidering an issue previously decided by a higher court in the identical case. ECF No. 296 (citing *Hall v. Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). The issue must have been decided either explicitly or by necessary implication. *Hall*, 697 F. 3d at 1067. The aim of the doctrine is to promote efficiency and should not be applied when the evidence on remand is substantially different, the controlling law has changed, or applying the doctrine would be unjust. *Stacy v. Colvin*, 825 F. 3d 563, 567-68 (9th Cir. 2016) (citation omitted).

This doctrine is consistent with a broader doctrine, the rule of mandate. *Hall*, 697 F.3d at 1067 (citation and quotations omitted). While a lower court may decide any issue not foreclosed by a mandate from an appeals court, the lower court is limited by the remand when the scope of the remand is clear. *Id*. Under this rule, a district court, having received a mandate from an appellate court, cannot vary or examine the mandate for any purpose other than executing it. *Id*.

# DISCUSSION

As outlined extensively in the background above, Plaintiff's Fourth Claim for Relief (Due Process) (Against Defendant Deacon) has been ruled on twice by this Court and denied both times. *See* ECF Nos. 263, 296. Further, after mediation, the parties placed a settlement on the record resolving the Fourth Claim against Defendant Deacon, which prompted Judge Stewart to foreclose the claim from further adjudication. *See* Order, ECF No. 263 (Judge Stewart ordering defendants to submit a judgment because mediation had resolved the Fourth Claim); and Judgment, ECF No. 268 (ordering judgment entered in favor of Plaintiff on Fourth Claim

and ordering the damages, cost, and fees agreed upon between the parties in mediation on October 5, 2015). Thus, the law of the case doctrine dictates that this Court need not rule a third time on the issue of Plaintiff's Fourth Claim because it has already been decided explicitly. To do so would be inefficient and is not warranted given the lack of new evidence pertaining to the claim and the lack of change in applicable law. There is no issue of injustice in upholding the prior rulings. The Court declines to rule again on this matter and will not disturb Judge Stewart's considered opinion.

Moreover, under the rule of mandate, this Court is forbidden from disturbing the Ninth Circuit's opinion on the matter. The Ninth Circuit affirmed Justice Stewart's opinion, finding that she had not abused her discretion by denying Plaintiff's motion to file a supplemental complaint broadening his Fourth Claim for Relief. Mandate of USCA for the 9th Circuit ¶ 4, ECF No. 276. The Ninth Circuit instead affirmed that amendment would be futile "in light of our affirmance of the dismissal of that claim." *Id.* Thus, this Court holds that Plaintiff's Fourth Claim has been fully adjudicated, and it can not disturb the Ninth Circuit affirmation of Judge Stewart's ruling.

This Court dismisses Plaintiff's Fourth Claim for Relief (Due Process) (Against Defendant Deacon), finding that, based on the case's tortuous history as discussed above, Plaintiff's Fourth Claim has been fully adjudicated, is time-barred, and, as the Ninth Circuit ruled, amendment would be futile.

## **CONCLUSION**

For the reasons set forth above, the Court dismisses Plaintiff's Fourth Claim for Relief Violation of the Fourteenth Amendment (Due Process) (Against Defendant Deacon) with

prejudice because amendment would be futile. Plaintiff's Third Claim for Relief Violation of the First Amendment (Retaliation) (Against Defendant Olvera) will proceed through litigation.

IT IS SO ORDERED.

DATED this 21st day of May 2019.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI<br>
United States Magistrate Judge