UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


MICHAEL JAMES EVANS,                                           Case No. 3:11-cv-00272-MK

           Plaintiff,                                                OPINION AND ORDER

    v.

JAMES DEACON and JOSE
OLVERA,

           Defendants.
_____

KASUBHAI, Magistrate Judge:

      Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC),

filed this action pursuant to 42 U.S.C. § 1983. Plaintiff's sole remaining claim alleges that Sgt.

Olvera retaliated against him in violation of his First Amendment rights, and the parties now

move for summary judgment. I find that genuine issues of material fact preclude summary

judgment and deny both motions.

<u>BACKGROUND</u>

      At all relevant times, plaintiff was an inmate at the Two Rivers Correctional Institution

(TRCI). On December 7, 2011, plaintiff completed an Inmate Communication Form addressed to

1    - OPINION AND ORDER

Capt. Boston and complained that Sgt. Olvera had wrongfully denied him access to the typewriter in the TRCI law library. Pl.'s Decl. Ex. 32 (ECF No. 399-1 at 5). Plaintiff asserted that, despite his need for the typewriter to complete a legal filing, Sgt. Olvera allowed another inmate to monopolize the typewriter, contrary to the customary rules regarding typewriter access. Plaintiff informed Sgt. Olvera, "if another inmate needs to use the typewriter after someone else had been on it," the inmate who has been waiting should have priority. *Id.* According to plaintiff, Sgt. Olvera responded in a "very disrespectful smart ass tone" and asked plaintiff "where it says that?" *Id*.

The next day, Capt. Boston asked Sgt. Olvera to read plaintiff's complaint. On December 9, 2011, Sgt. Olvera issued a misconduct report against plaintiff and charged him with rule violations of Disrespect I and False Information to Employee I. The misconduct report alleged:

> Inmate Evans used the legal typewriter from 1pm to 3pm on 12/7/11 and once again he used the legal typewriter from 8pm to 9pm… while other inmates used the Legal Library in the afternoon and earlier evening hours. No other inmate was allowed to monopolize the usage of the legal typewriter… On the Communications Form, Inmate Evans accuses me of being disrespectful and in his written words, "a smart ass" when he came to the control point. I informed Inmate Evans that if he wanted to be first one on the list that he needed to be in the dayroom and sign up during the two-way line. Inmate Evans failed to be in the dayroom to sign up for the library use, instead he was in his cell…. Inmate Evans became angry and walked away…. Inmate Evans is misusing the Inmate Communications Form to make inappropriate comments regarding staff.

Olvera Decl. Ex. 1. (ECF No. 405).

On December 15, 2011, plaintiff had a disciplinary hearing. The Hearings Officer dismissed the charge of False Information to Employee I "due to insufficient evidence" and found the lesser violation of Disrespect III instead of Disrespect I. Plaintiff was sanctioned with seven days of lost privileges. Pl.'s Decl. Ex. 22 (ECF No. 399 at 2-3).

After this incident, plaintiff was allowed to amend his complaint and allege retaliation claims against Sgt. Olvera. Ultimately, this Court granted summary judgment on most of plaintiff's claims, and the parties resolved the remaining claim.

Plaintiff appealed, and the Ninth Circuit reversed and remanded with respect to plaintiff's First Amendment retaliation claim against Sgt. Olvera arising from the misconduct report issued in December 2011. *Evans v. Deacon*, 687 Fed. App'x 589 (9th Cir. 2017) (ECF No. 276-1). The Ninth Circuit affirmed in all other respects.

<u>DISCUSSION</u>

The parties filed cross-motions for summary judgment on plaintiff's retaliation claim against Sgt. Olvera. To prevail on their respective motions, the parties must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Cross motions for summary judgment are evaluated separately, with the non-moving party for each motion given "the benefit of all reasonable inferences." *Am. Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).

As defendants correctly point out, plaintiff's motion raises claims and factual allegations that are no longer at issue. Plaintiff argues that after he amended his complaint to add the instant retaliation claim, "Defendant Olvera set in motion a series of adverse acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury of further retaliation." Pl.'s Br. at 8 (ECF No. 398); *see also* Pl.'s Decl. in Supp. ¶¶ 11-17 (ECF No. 399); Pl.'s Mem. in Opp'n (ECF No. 409).

Aside from the lack of evidence to support these assertions, plaintiff's Fourth Amended Complaint is limited to the allegation that Sgt. Olvera filed a false misconduct report in

December 2011. Fourth Am. Compl. ¶¶ 8-12 (ECF No. 300). Further, in dismissing plaintiff's

retaliation claims, Magistrate Judge Stewart discussed many of the allegations that plaintiff now

asserts and found that they failed to establish retaliation. Opinion and Order at 21-22 (Jan. 20,

2015) (ECF No. 226). The Ninth Circuit reversed only with respect to the events of December

2011 and Sgt. Olvera's misconduct report. *See Evans*, 687 Fed. App'x at 592 (reversing district

court's grant of summary judgment on claim against Sgt. Olvera "as it relates to the events of

December 2011"). After remand, this Court denied plaintiff's motion to amend his claim against

Sgt. Olvera to include alleged misconduct occurring in January 2012. Order at 5 (Oct. 30, 2017)

(ECF No. 296). Accordingly, plaintiff's First Amendment retaliation claim is limited to the

allegation that Sgt. Olvera filed a false misconduct report in December 2011.

     To prevail on a § 1983 claim for retaliation, plaintiff must establish that Sgt. Olvera took

adverse action against him because of constitutionally protected conduct, and that the action

chilled the exercise of his First Amendment rights and failed to advance a "legitimate

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Barnett v.*

*Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

     The parties do not dispute that the misconduct report was an adverse action, and the

Ninth Circuit found that plaintiff's conduct was constitutionally protected. *See Evans,* 687 Fed.

App'x at 592. Although defendant argues that plaintiff's First Amendment rights were not

chilled, as evidenced by his continued complaints and lawsuits, plaintiff need not demonstrate a

"total chilling of his First Amendment rights" but only that Sgt. Olvera's challenged conduct

"would chill or silence a person of ordinary firmness from future First Amendment activities."

*Rhodes*, 408 F.3d at 568-69 (citation and internal quotation marks omitted). A false misconduct

report, particularly one that could result in serious consequences, would likely chill an inmate of

ordinary firmness from exercising their First Amendment rights. The fact that the misconduct report has not deterred plaintiff is not dispositive.

The remaining elements are whether Sgt. Olvera issued the misconduct report because of plaintiff's protected conduct and whether the misconduct report furthered a legitimate correctional goal.

In support of his motion, plaintiff relies on the record and the Ninth Circuit's finding that prohibiting disrespectful language in inmate complaints is not a legitimate correctional goal, particularly if the inmate's complaint was not directed toward the allegedly disrespected officer. *Evans,* 687 Fed. App'x at 592.

In turn, Sgt. Olvera argues that he did not issue the misconduct report solely because plaintiff filed a complaint against him. Sgt. Olvera maintains that he believed plaintiff's Inmate Communication Form misrepresented the circumstances and conversations in the TRCI law library and provided false information to Capt. Boston. Olvera Decl. ¶¶ 3-4. In his declaration, Sgt. Olvera states:

> I submitted this report because I believed AIC Evans was misusing his December 7, 2011 Inmate Communications Form to make inappropriate comments regarding staff. I not only thought AIC Evans was being disrespectful, but also thought he was misrepresenting the library incident and his conversation with me. AIC Evans' misrepresentation of the events in his kyte to my supervisor was the primary reason that I submitted the report.

Olvera Decl. ¶ 3 (ECF No. 405). Defendants contend that preventing false statements to correctional officials is a legitimate correctional goal, as evidenced by the ODOC rule prohibiting false statements. *See* Or. Admin. R. 291-105-0015(3)(a).

It remains a question of fact whether Sgt. Olvera was motivated by retaliatory animus. Sgt. Olvera admits that he filed the misconduct report because he believed plaintiff was "misusing" the Inmate Communication Form to make inappropriate comments about him. As

5     - OPINION AND ORDER

noted, this purpose does not advance a legitimate correctional goal. His second justification for the misconduct report – to rebut plaintiff's false representations and further the goal of prohibiting false statements by inmates – is a question of credibility for the finder of fact.

Defendants also assert Sgt. Olvera is entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam) (citation and quotation marks omitted). As defendants acknowledge, the Ninth Circuit clearly established in 2011 that prohibiting disrespectful language in an inmate complaint was not a legitimate correctional goal. *Evans,* 687 Fed. App'x at 592. Further, it is a question of fact whether Sgt. Olvera issued the misconduct report to further a legitimate correctional goal of prohibiting false information. Accordingly, I deny summary judgment on grounds of qualified immunity.

<u>CONCLUSION</u>

Plaintiff's Motion for Summary Judgment (ECF No. 398) and defendants' Cross-Motion for Summary Judgment (ECF No. 404) are DENIED. A trial date in this case will be set to coincide with Case Nos. 2:16-cv-00928-MK and 2:17-cv-01162-MK once dispositive motions in those cases are resolved.

IT IS SO ORDERED.

DATED this <u>30th</u> day of March 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

6    - OPINION AND ORDER